# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY WILLIAM HARVEY (8), <br><br> Defendant. | Case No.: 12cr3850 JAH <br><br> **ORDER DENYING MOTION TO REDUCE SENTENCE [Doc. No. 631]** |

  Pending before the Court is Defendant's motion to reduce his sentence pursuant to 18 U.S.C. section 3582. Defendant requests retroactive application of Amendment 782, which revised the guidelines applicable to drug offenses by reducing the offense levels for drug and chemical quantities. Under section 3582(c), a court may modify a term of imprisonment "if a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The government opposes the motion and argues Defendant is not entitled to a reduction because his original sentence is equal to his amended guidelines.

  Upon Defendant's plea of guilty to Counts 3 and 4 of the superseding indictment, Possession of Methamphetamine with Intent to Distribute, this Court sentenced Defendant to a 110 month term of imprisonment on each count to run concurrently. The Court found

1 | Defendant had a base offense level of 30, -3 adjustment for acceptance of responsibility, a
2 | criminal history category of VI, resulting in a range of 130 to 162.

A court conducts a two-step analysis when proceeding under section 3582(c)(2): step one requires a court to determine the defendant's eligibility for modification and extent of reduction by determining what the guideline range would have been if the amendment had been in effect at the time of sentencing, and step two instructs a court to consider any applicable section 3553(a) factors and determine whether the reduction is warranted. Dillon v. U.S., 560 U.S. 817, 827 (2010). Defendant's amended guideline range, based upon a base offense level of 28 and -3 for acceptance of responsibility results in a range of 110 to 137 months. The amended guideline range must be calculated without regard to any departure or variance the defendant originally received, other than one for substantial assistance under section 5K1.1. See United States v. Aragon-Rodriguez, 624 Fed.Appx. 542, 543 (9th Cir. 2015). Because his original sentence is equal to the low end of his amended guideline range, Defendant is not entitled to a reduction of his sentence. USSG § 1B1.10(b)(2)(A).

Accordingly, IT IS HEREBY ORDERED Defendant's motion for reduction of sentence is **DENIED**.

DATED: October 23, 2018

_____
JOHN A. HOUSTON
United States District Judge